WALLACE, Senior Circuit Judge,
dissenting:
Judge Berzon assumes and I would hold that the initial entry and protective sweep of the apartment met the requirements of the exigency exception - to the Fourth Amendment, but I dissent with the majority’s holding that a remand to the District Court is necessary to determine whether the results of the entire home search, following discovery of cocaine in plain view, are fruits of the poisonous tree. I would not remand to the district court because I do not think the tree was poisoned. Indeed, only Judge Noonan believes there was a constitutional violation due to the officers’ original entry.
The police responded to a 911 call reporting that Harris and his wife were arguing in the building’s parking lot and that Harris dragged her away by the hair. En route, the police received an update that loud shouting was continuing from their apartment. When the two. officers knocked at Harris’s front door, they saw a man glance furtively through the blinds one foot away from the door, and then 15 to 20 seconds passed with no answer. Qnly when they knocked again did Harris’s wife answer the door, and the officers entered. Based on the 911 report and the delay in answering the door, the officers properly entered the apartment under the exigency exception to the Fourth Amendment. See United States v. Snipe, 515 F.3d 947, 952 & n. 6 (9th Cir.2008) (police need not witness ongoing violence before responding to an emergency under the emergency exception to a warrant requirement).
The exigency exception extends to the police’s second search of the kitchen to follow up on the loud noise heard while Harris was crouching by the stove. Though handcuffed, Harris had refused to cooperate with the officers’ requests to sit down so far, and was clearly agitated and antagonistic toward the officers. The officer had a right to conduct a targeted search near the stove to determine that no danger related to the loud noise was present, and could only safely do so when Harris was handcuffed. Even then, Harris tried to flee the apartment and had to be chased and taken down in the doorway by one of the officers.
I agree with Judge Noonan that the police had probable cause to believe that Harris lived at the apartment, and thus the full search of the apartment following the initial protective sweep was also constitutional. I would affirm because no Fourth Amendment violation occurred where the officers lawfully entered and searched the apartment due to exigent circumstances and Harris’s progressing suspicious behavior.